Carr, J.
The decision of the circuit court is right, if the devisee Patsey Anderson took under the will of her father, a life estate only, and her children the remainder as purchasers: but it is wrong, if she took an estate tail; or even if she took a lee, with an executory devise over to the other children of the testator, provided it shall be considered, that the leaving natural children at her death, was an event, which, under the will, defeated the executory devise. Upon *122 that point, however, I give no opinion. It is not necessary in the view I take of the case : for, in my opinion, under the well settled doctrines both in England and Virginia, this was an estate tail, enlarged by our statute into a fee.
The general questions involved have been so often and so thoroughly discussed both by the bar and the bench, that I shall not go into them at large. Did the testator mean to provide for his daughter and her issue indefinitely ? If so, this is an estate tail, no matter how he may have expressed himself, or with what conditions or limitations he may have attempted to clog it. “ I give to my daughter 100 acres of land—to her and her heirs forever—my further will is, that if she should die leaving no child, the estate shall be divided among all my children—but should she leave any living child, or children, the estate shall be heired by him, her or them as the case may be.” Can any one look upon this clause, and not perceive, that the intention was to provide for the daughter and her whole line of descendants? When this intent is clear, the words child or children are taken to mean issue. The children are to heir the estate; how? surely, through the mother;, they cannot heir it, as purchasers. Again—it is apparent from the will itself, that the children were not in esse, when the will was made. In Wild’s case, 6 Co. 17. there was a devise over in-remainder, to Rowland Wild and his wife, and after their decease, to their children, Rowland and his wife then having issue a son and a daughter: it was resolved, by all the judges of England, that Rowland and wife had but an estate for life, with remainder to their children for life, and no estate tail: but this difference was resolved for good law, that if A', devises his lands to B. and his children or issues, and he hath not any issue at the time of the devise, that the same is an estate tail; for the intent of the devisor is manifest and certain, that his children or issues should take, and as immediate devisees they cannot take, because they are not in rerum natura, and by way of remainder they cannot take, for that was not his intent, for the gift is immediate; therefore, there, *123 such words shall be taken as words of limitation, to wit, as much as children, or issues of his body. Now, though the case put here is not exactly like ours, I consider the principie applicable ; for it being equally clear in both cases, that the children were intended to take, and that they could not in either take as purchasers, it follows alike in both, that the word children is used as a word of limitation, in the sense of issue.
If I considered it doubtful, upon the face of the will, whether this were a fee tail, or a fee with an executory devise over, I should feel inclined, on several grounds, to lean against the executory devise. In Reeve v. Long, 4 Mod. 259. it is said, “ that the only ground on which executory devises were originally admitted, was an indulgence to a man’s last will and testament, when otherwise the words of the will would be void.” In Purefoy v. Rogers, 2 Wms. Saund. 398. note 9. lord Hale laid it down as a rule, “ that where a contingency is limited to depend on an estate of freehold which is capable of supporting a remainder, it shall never be construed to be an executory devise, but a contingent remainder only, and not otherwiseupon which sergeant Williams remarks, that “ this rule so laid down by lord Hale, has been uniformly adhered to ever since.” And in Doe v. Morgan, 3 T. R. 763. lord Kenyon said, “ if ever there existed a rule respecting executory devises, which had uniformly prevailed without any exception to the contrary, it was that laid down by lord Hale in Purefoy v. Rogers.” Again— an executory devise establishes a perpetuity to its extent— putting fetters upon the estate which may often last for a century: a restriction directly opposed to the policy of our statute docking entails, to the whole spirit of our subsequent legislation, and to the genius of our government. Judge Lyons in Hill v. Burrow, 3 Call 297. speaking with reference to the attempt then making, to break down the established course of decision, and turn what had been considered estates tail into executory devises, very sensibly remarks, “ An infringement of the rule, then, instead of supporting *124 the legislative intention, would go directly to defeat it, and would tend, under the notion of executory devises, to introduce that very clog to alienation, which the statute meant to abolish.” I refer also to the excellent remarks of my brother Green on this point, in Jiggetts v. Davis, 1 Leigh 403,4.
Upon these grounds, then, I should feel disinclined to consider this an executory devise, if the question were doubtful; but I do not think it at all so. The testator was making provision for his daughter and her issue; would he make such a disposition of the property as, in certain events not all improbable, would carry it over to others, though there were descendants of his daughter in being, or just coming into life? Yet such might be the case, if this were taken as an executory devise; which, we know, is a limitation of a future interest, not to take effect at the testator’s death, but limited to arise and vest upon some future contingency. The contingency here would be, the death of the daughter without a child living. The moment this happened the executory devise would.take effect, and the estate vest in the legitimate children of the testator, and no subsequent event could divest it. Suppose the daughter had had six children, who had all died in her lifetime, each leaving five children, and then the daughter died; she would die, without leaving any child living, and the estate would be taken from her family, though she left thirty grandchildren. It may be said, the word children sometimes comprehends grandchildren, and under that meaning these would be taken in. I admit, that grandchildren, are sometimes comprehended by the word children, but not, I think, in such a case as this, if you take it to be an executory devise; for, then, the whole fee is in the daughter, and her dying without leaving a child living, is not mentioned for the benefit of such child, but merely to mark the contingencies upon which the estate passes over. Sir W. Grant, in Radcliffe v. Buckley, 10 Ves. 201. states the only cases in which children may mean grandchildren; and this is surely not one of them. But if grandchildren were comprehended, no one *125 would contend, that great grandchildren were ; and it might well happen that the daughter might die leaving only such. But suppose another case : suppose she had one son who married and died leaving his wife enseint, and then, before the birth, his mother died; she would die leaving no child or other descendant living; and yet from the after born child of her son there might be numerous descendants, who, assuredly, were never meant to be disinherited by this testator.
Upon the whole I am of opinion, that Patsey Anderson took an estate tail, enlarged by our statute into a fee; and, consequently, that the circuit court erred.
Cabell and Brooke, J. concurred.
Tucker, P. Upon the first reading of the clauses of this will, which have been so earnestly discussed, it struck me that it was the case of an executory devise, in which the only question was, whether it was with a single or a double aspect. The more l have reflected upon the case, the more has my first impression been confirmed.
The first part of the clause in question, contains a distinct devise to the testator’s natural daughter, of an estate to her and her heirs forever. Standing alone, it cannot be questioned that this would have passed to her a fee simple. The words have that legal effect, and a subsequent part of the will clearly proves that the testator was aware of their legal operation. But, as the devisee was a natural daughter, upon whose death without children, the estate would either pass from his family to her collateral kindred, on the part of her mother, or escheat to the commonwealth for want of heirs, the testator desired to provide for such a state of things. Therefore, he proceeded to declare, that if she died without leaving a child, the estate before given her should return into his estate, and ,be divided amongst his children. Had the clause ended here, it would be a clear case of the devise of the fee to Patsey, with an executory *126 devise over to Ms children, upon her dying without children living at her death. And his children, had the estate ever vested in them, would have taken a fee, as I think, by the operation of the statute of 1785 dispensing with words of inheritance in the creation of estates in fee simple; Smith v. Chapman, 1 Hen. & Munf. 298.
But it is contended, that the will, by the next clause, gives a double aspect to this executory limitation. It proceeds thus, “ but should she leave any living child or children the estate shall be heired by him, her or them, as the case may be.” And it is said, that any child she might leave at her death, would take as purchaser, and that thus also the fee simple limitation to her would be defeated, or converted into a mere life estate. I shall not contest the proposition, that the limitation over is within the time prescribed in the case of executory devises: I shall concede that this is no case of an indefinite failure of issue, 1. because if the strong expression shall leave a living child, and 2. because the term used is child, not issue; a term which, in its natural sense, implies a descendant in the first degree, and not an indefinite succession of posterity. I shall admit, what I think is a concession to the appellee, that children, in this will, would comprehend grandchildren of Patsey, living at her death, provided she had no child then living to take the estate. That this is a concession, important to the removal of a great difficulty in the case, is sufficiently apparent: for, if grandchildren cannot be comprehended under the term children, then, in case of Patsey's death leaving grandchildren, but no children, the grandchildren could not take, unless she herself should be held to take an estate of inheritance. The counsel felt this difficulty, and endeavoured to repel it, by contending, that the testator naturally would prefer his own children to the grandchildren of his natural daughter. But as to this portion of his estate, set apart for that branch of his family, this cannot be admitted : the very bequest shews that in reference to it, he preferred her children to his own legitimate children ; and it is natural, that *127 he should have designed what he bequeathed to his daughter to go to her posterity, instead of coming back to the posterity of bis other children, who bad their shares of his bounty provided by other parts of the will. This is clear from the bequest to her and, her heirs; terms which abundantly shew, that he designed that portion of his property for that portion of his generation. I am, indeed, decidedly of opinion, that if Patsey had died leaving no child, but leaving grandchildren, they would have been embraced by the terms child or children in this will. For, although where there are children, as well as grandchildren, the latter are not usually considered as comprehended under the term children, yet where there are only grandchildren it is held otherwise; Crook v. Brookeing, 2 Vern. 106. Gale v. Bennett, Amb. 681. And although the natural sense of the word children will be adopted unless there is something to control it, yet where by the context it appears, that the testator has used the word in a more extended sense, it will be construed to embrace in its description moro remote descendants. Royle v. Hamilton, 4 Ves. 437. Reeves v. Brymer, Id. 692, 8. Earl of Orford v. Churchill, 3 Ves. & Beam. 59. 69. Thus, in Royle v. Hamilton, where the devise was to the children of W. H., that is to say, to J. II. and his issue, to his sisters and their issue he. and J. H. died before the testator, leaving a child who was thus a grandchild of W. H. this grandchild took, and took as purchaser ; for the word issue shewed an intention to embrace the descendants of J. H. So hero; the devise to Patsey and her heirs, clearly shews a design to embrace all her descendants in the limitation, and not to confine it to descendants in the first degree only.
The particular clause in question may, therefore, be considered as reading thus: should she leave any descendant living at the time of her death, the estate shall be heired by him, her or them. Understanding it even thus, it is, in effect, but a reiteration of that which in the first part of the clause had been already declared, and cannot be considered *128 as a new, substantive, independent limitation. For, should ^ be so considered, and thus converted into a contingent limitation, then it would be an executory devise with a double aspect, not merely defeating the fee upon the happening of the event in one way only, but defeating it let the event happen which way it might. Such a construction is never made without-an absolute necessity; Ives v. Legge, 3 T. R. 488. in notes. Thus, if she die without descendants, her fee simple is to be defeated, and the estate is to go over to her father’s children; and if she die leaving descendants, her estate in fee is to be defeated, and is to go over to her own descendants: so that let the event happen in which way it may, the fee simple so explicitly given is to be overthrown. Why then was it given ? Why did not the testator at once give her an estate for life, if under every state of things she was to have no more ? It was not ignorance; for, in a subsequent provision of the will, he displays some little knowledge of the matter. Designing to give a fee simple to his other children in the lands bequeathed to them, with- the exception of his daughter Betty-Richardson, for whom he intended a life estate with remainder over to her children, he expressly excepts her proportion from the operation of the words of inheritance, and gives her only a life estate, with remainder to her children.
I am therefore of opinion, that the claim in question is not a limitation to the children of Patsey, as purchasers; since if so, the inheritable words in the devise to her must be rejected entirely; whereas it is a rule of construction, that every word, if possible, should be retained, and receive its due weight and consideration. Nor do we, in this view of the case, reject the last clause. It is but a repetition of what had before been declared and provided by the inheritable clause; that if there were children they should heir the estate. If this be understood literally, he designed them to inherit, and not to take by purchase; and though I shall not insist upon this, yet we should strain not less, in attributing to him the design to revoke an explicit devise of an *129 estate of inheritance to his daughter, for the purpose of vesting it in unborn children or grandchildren, as purchasers.
There are, indeed, a variety of cases in the books of limitations upon a contingency with a double aspect. But have been unable to find a single case, in which a fee simple given in the most explicit terms by the first clause of a will, has been held to be defeated, whichever way the contingent event might happen. Where, indeed, the first estate is for life, then there may well be a contingency with a double aspect; as in Plunket v. Holmes, 1 Lev. 11. and Luddington v. Kime, 1 Ld. Raym. 203. Thus, in this last case, the devise was to A. for life, and if he have issue male, then to such issue male in fee; but if he have none, then to B. and his heirs. This was a contingency with a double aspect; but it did not defeat, or trench upon, a previously limited estate, for that estate was expressly but for life: it provided for the disposition of the remainder whether the contingency should happen one way or the other; which was absolutely necessary to prevent intestacy, for if it had not done so, but had provided only for the contingency in one way, then, if it had happened in the other, there would have been no disposition of the fee, as A. had lent an estate for life.
Nothing, indeed, is more common, than a previous estate in fee being defeated upon the happening of a certain event; for this is the very essence of a whole class of executory devises and shifting limitations. But I know of no case, in which an express estate in fee is given, and yet is to be considered as defeated, whether a certain event does or does not happen. According to such a construction, although the testator expressly gives a fee, yet in no event can the devisee take a fee. The case of Heath v. Heath, 1 Bro. C. C. 147. is more like the case at bar, than any I have met with; and the construction corresponded with my construction of this will. That was a devise to E. H. forever, that is, if he have a son or sons, who shall attain twenty-one; but *130 if he should chance to die without son or sons to inherit, my will is, that the son of W. H. shall inherit: this was adjudged a fee simple to E. H. with an executory devise to the son of W. H. In that case, as in the case at bar, the first words imported a fee : there, if E. H. died without son, the estate was to go over, as here, if Patsey should die without child: there, it is implied, that if E. H. left a son, that son should inherit, and here it is provided, if Patsey left a child, that child should heir: in that case, E. H. was adjudged to take a fee, and in this, we must, I think, accordingly adjudge that Patsey took a fee. The case of Heath v. Heath settles also the question as to the supposed estate tail. I do not think we can by any fair construction make an estate tail here. The word child or children is indeed construed to mean issue or heirs of the body, when such a construction is absolutely necessary, but not otherwise : as, in Wild’s case, it is said, an estate to a man and his children, he having at that time no children, creates an estate tail: but the reason is, that the present gift to children not in esse, being incapable of vesting in them as purchasers in presentí, they would take nothing by purchase or inheritance, if the father were to take only an estate for life; and, therefore, to effectuate the obvious intention, the word children was converted from its natural sense, in order to give an inheritable quality to the estate. But I know of no case in which the words child or children living at the death &c. have been construed to mean issue or heirs of the body, where the parent himself has an express estate in fee limited to him by a prior clause of the will. It is obvious, however, that if the natural daughter took an estate tail, it would have been converted into a fee; and thus her conveyance' would have been good and effectual. In either view, therefore, the appellant’s title would prevail.
But the special verdict is too defective to enable the court to pronounce a judgement between the parties. This is understood to have been admitted, so that it is unnecessary to enter into a detail of its imperfections.
*131 The judgement of the court was entered in the following . WOrClS *
“ The court is of opinion, that the said judgement is erroneous in this, that the court ought not to have proceeded to render judgement upon the verdict of the jury upon the issue joined between the parties, the same being imperfect in omitting to find as to the entry and seizin of the parties under the successive deeds in the special verdict set forth, and being otherwise uncertain and void ; therefore, it is considered that the said judgement be reversed and annulled, and that the appellant recover against the appellee bis costs &c. And it is ordered, that the verdict of the jury be set aside, and a venire de novo awarded, and that the cause be remanded to the circuit superiour court of Louisa, to be proceeded in accordingly. And it is further certified, at the request of the parties by their counsel here, that this court is of opinion, that by the operation of the will of the testator John Anderson, the devisee Patsey Anderson took an estate tail in the lands in controversy, which was converted into a fee simple by virtue of the statute in such case made and provided, and so had good right and title to sel! and convey the said lands to her vendee John Thomason,